## Wm. Evans *v.* Lititz Borough, Appellant.

*Road law—Streets—Deed—Evidence.*

In an action against a borough to recover damages for land taken for purposes of a street, it appeared that plaintiff's grantors were the trustees of a church, and that eight months before they executed the deed to plaintiff, they passed a resolution to sell the lot to him " on condition that he removes the house and widens the alley fourteen feet, and that he does not get a deed until the house is removed." The deed did not contain any reservation or condition. After the conveyance plaintiff moved back his line eight feet. The borough subsequently widened the alley by taking six feet more of plaintiff's land. *Held,* that the evidence was insufficient to show any agreement on part of plaintiff to donate the six feet for which suit was brought.

In the above case the jury found a special verdict to the effect that the resolution of the trustees was a part of the contract of the sale of the land to the plaintiff, and also found for the value of the land in favor of plaintiff, subject to a question of law reserved. The court entered judgment on the verdict, on the ground that, as plaintiff was entitled to the possession, irrespective of the question of title, he was entitled to recover damages. *Held,* that the judgment should not be reversed.

Argued May 17, 1894. Appeal, No. 431, Jan. T., 1894, by defendant, from judgment of C. P. Lancaster Co., May T., 1892, No. 36, on verdict for plaintiff. Before Sterrett, C. J., Green, McCollum, Mitchell and Fell, JJ. Affirmed.

Feigned issue in trespass q. c. f. to determine damages for widening street. Before BRUBAKER, J.

At the trial, it appeared that, in 1874, the land in controversy was owned by the Moravian Church of Lititz. In that year the trustees of the church passed the following resolution : " It was resolved to sell to W. Evans the house and lot No. 2, for $100, on condition that he removes the house and widens the alley fourteen feet, and that he does not get a deed until the house is removed."

The deed was executed by the trustees on Sept. 19, 1874, but contained no reservation or condition. Plaintiff moved back his line eight feet, and in 1881 executed a deed to the church for the strip eight feet wide. This deed however was never delivered. In 1891, the borough instituted proceedings under the act of May 16, 1891, P. L. 75, to widen the street an additional six feet. Plaintiff appealed.

The court charged as follows :

" [I would say here that you need not take into consideration any matters outside of the case with reference to the deeding of the property by the congregation of the Moravian church at Lititz to Mr. Evans, with reference to the fourteen feet that was to be widened into the street. I shall ask you to find several special facts, and upon those facts as found by you we will render a verdict in accordance with the law. What you have to do now is to ascertain what was the quantum of damages sustained, if any, by the plaintiff, independent of any other facts. You must presume here that he owned the property.] " [2]

The special verdict and the question of law reserved are stated in the following opinion of the court by BRUBAKER, J. :

" This case is a feigned issue to determine what amount of damage, if any, has been sustained by the plaintiff, by reason of the widening of Cedar street, in the borough of Lititz, from Main street to Juniper alley. The special verdict found by the jury is as follows :

" ' The jury find in favor of the plaintiff for sixty dollars per foot (of six feet), or $360, subject to the opinion of the court on the question of law reserved on the following facts found by the jury :

" ' The jury finds the minutes of Jan. 8, 1874, of the Congre-

gation of the United Brethren of Lititz and vicinity was a part
of the contract of sale of the property described in the deed of
conveyance of said corporation to Wm. Evans, the plaintiff in
this suit, and an implied covenant to said deed of conveyance
as making the said alley fourteen feet wide along Wm. Evans's
said property.

" ' Further, the jury finds that the deed of the said Wm.
Evans and wife, dated Nov. 2, 1881, to the Moravian congre-
gation of Lititz, formerly known as the Congregation of the
United Brethren of Lititz and its vicinity, was not delivered
to the said corporation.'

" The question of law reserved by the court is: ' If the court
should be of opinion that on the facts found by the jury the
plaintiff is entitled to recover the damages as fixed by the jury,
then judgment is to be entered in favor of the plaintiff, other-
wise to be entered in favor of the defendant.'

" The peculiar feature of this case is the undisputed fact that
the plaintiff, on Sept. 19, 1874, over sixteen years prior to the
incorporation of the borough, had purchased and received a deed
from the ' Congregation of the United Brethren of Lititz and
vicinity,' for a piece of ground 150 feet in length along Ce-
dar street, which is, in part, the ground in question.    At the
time of this purchase Cedar street was an alley twenty feet
wide.    A conveyance was made by the trustees of said congre-
gation or church, by virtue of a resolution of the board of trus-
tees, which is as follows :

" ' It was resolved to sell to W. Evans the house and lot
No. 2, for $100, on condition that he removes the house and
widens the alley fourteen feet, and that he does not get a deed
until the house is removed.'

" The deed itself does not refer to the resolution or contain
any reservation or condition such as contemplated by the par-
ties in the sale of the ground.    The fourteen feet referred to
in the resolution never was added to the alley or street.    Mr.
Evans, the plaintiff, however, had removed his fence back a
distance of eight feet, giving the alley that additional width,
which was the situation at the time of the widening of the
street by the borough.

" The question now under consideration is whether the tes-
timony concerning this transaction with the church ·should

have been admitted as evidence in the issue between the parties to this suit.

" [The nature of the issue framed is an action of trespass ; the plea, not guilty. The plaintiff proved ownership and possession, but both were not necessary. Evidence of possession alone, if believed, will support the action, and dispose of the plea of not guilty.] [3]

" The principle is an old one, that the plaintiff in trespass, as well as in ejectment, may recover upon his prior possession against a person showing no title, but cannot maintain the action against one who has a better title. It is unnecessary to cite authorities in support of this rule of evidence. It is so familiar we need only refer to it. In the trial of this suit there was no denial of the possession of the six feet of ground in the plaintiff.

" On account of the novel features arising in this case, the purchase of this property having been made by Mr. Evans subject to and burdened with the easement to the church property, which would have been a good defence in a suit between them, we took the precaution to direct a special verdict as to the finding of facts in this case, so that we should be able carefully to review the matter.

" [We find that we should be ignoring one of the plainest rules of evidence, if we entered judgment in favor of the defendant, notwithstanding the verdict. The point in dispute here was not whether the plaintiff had title subject to the easement, nor whether there was title in the defendant, for the defendant did not claim title, or pretend to claim title, but whether the plaintiff was in possession of the property taken by the borough in the widening of the street, and if so, what amount of damage, if any, was sustained by reason thereof.] [4]

" We, therefore, direct judgment to be entered on the verdict as rendered."

*Errors assigned* were, among others, (2) charge of the court, quoting it ; (3, 4) portions of the opinion as above, quoting them ; (5) in entering judgment on the verdict ; (6) in not entering judgment for defendant non obstante veredicto.

*George Ross Eshleman*, for appellant.—The minutes were evidence of the contract because they were part of the deed. They are not a contradiction of the deed, but rather an explanation and affirmance thereof: Boyd v. Breece, 3 Phila. 206.

A written contract may be varied, reformed or set aside by clear, precise, and indubitable evidence of contemporaneous oral agreement as to a material subject-matter: Sidney School Furniture Co. v. School Dist., 130 Pa. 76; Walker v. France, 112 Pa. 203; Thudium v. Yost, 20 W. N. 217; Lippincott v. Whitman, 83 Pa. 246; Coal Co. v. McShain, 75 Pa. 238; Ferguson v. Rafferty, 128 Pa. 337; Shughart v. Moore, 78 Pa. 469; Dinkle v. Marshall, 3 Bin. 587; Lauchner v. Rex, 20 Pa. 464; Miller v. Smith, 33 Pa. 386; Rearick v. Rearick, 15 Pa. 66; Lewis v. Brewster, 57 Pa. 410.

In a suit between a party to a written instrument and a stranger, parol evidence is admissible to vary the terms of the instrument: Venable v. Thompson, 11 Ala. 147; Fonda v. Burton, 63 Vt. 355; Bank v. Dunn, (N. J.) 27 Atl. R. 908; People v. R. R., 33 Pac. R. 728; Clapp v. Banking Co., 35 N. E. Rep. 308; Car & Locomotive Builder v. Steam Plow Co., 51 N. W. Rep. (Minn.) 657; Hodge v. Boothby, 48 Maine, 68; 3 A. & E. Ency., p. 863; 19 Ib. 156; People v. Hayes, 140 N. Y. 484; Diehl v. Ins. Co., 58 Pa. 443.

The minutes show that appellee is not entitled to any damages, which is the question at issue here: Slocum v. Bracy, (Minn.) 56 N. W. Rep. 826.

Plaintiff is not owner of the land: Workman v. Mifflin, 30 Pa. 363; Meginnis v. Nunamaker, 64 Pa. 374; Buttonwood St., 5 Lanc. Law Rev. 317; Mills on Em. Dom. §§ 75, 77; Pinkerton v. R. R., 109 Mass. 527; People v. R. R., 33 Pac. R. 728.

*B. F. Davis* and *Charles I. Landis*, for appellee.—The deed from the Congregation to William Evans was under its corporate seal, and was absolute on its face. The seal itself was prima facie evidence that the contract had been duly entered into by the corporation: 2 Bl. Com. 295; Berks & Dauphin Turnpike Road v. Myers, 6 S. & R. 12.

A naked possession is a good title to recover in ejectment

against one who puts plaintiff out of possession and can show no better title, but not against one who shows a better title · Woods v. Lane, 2 S. & R. 52; McClear v. Elliott, 14 S. & R. 242; Foster v. McDivit, 9 W. 345; Shumway v. Phillips, 22 Pa. 151; Mills on Eminent Domain, 77.

The resolution having been followed by a deed, the prior agreement, if such it was, was merged in the deed: Hollenback's Ap., 121 Pa. 322; Wilson v. McNeal, 10 Watts, 422; Moser v. Miller, 7 Watts, 156; Crotzer v. Russel, 9 S. & R. 78; Pittston Road, 4 Kulp, 305.

PER CURIAM, July 11, 1894:

This issue was to determine the amount, if any, of plaintiff's damages resulting from the widening of Cedar street in the borough of Lititz. His claim was $1,500 for a narrow strip of land, containing about twelve hundred square feet, appropriated to public use in the widening of said street; but the jury, under the evidence before them, found that the actual damages sustained by him amounted to only $360. The sole defence was that in purchasing the lot, of which said strip was a part, he had agreed with his vendors to donate said twelve hundred square feet of land for the purpose to which it was afterwards appropriated by the borough authorities, and hence he was not entitled to damages. There was, however, no sufficient evidence of any such agreement, and the trial judge might have so instructed the jury; but, for reasons best known to himself, he preferred taking their verdict subject to the question of law which he reserved and afterwards decided in favor of plaintiff. There was no error in the result, and hence there is no good reason for reversing the judgment.

Judgment affirmed.